16-1008-cr
United States v. Kupoluyi

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                  No. 16-1008-cr

OLADIPUPO KUPOLUYI,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:                DEVIN MCLAUGHLIN, Langrock
                              Sperry & Wool, LLP, Middlebury,
                              VT.

FOR APPELLEE :                RAJIT S. DOSANJH (Miroslav Lovric, *on
                              the brief*), Assistant United States

Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the matter is REMANDED for resentencing consistent with this order.

Defendant Oladipupo Kupoluyi appeals from a judgment of the District Court (McAvoy, J.) sentencing Kupoluyi principally to 33 months' imprisonment followed by a three-year term of supervised release. Kupoluyi pleaded guilty to conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1344, 1349. On appeal, Kupoluyi argues that the District Court committed procedural error by (1) applying a two-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(11); (2) applying a two-level enhancement for use of sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C); and (3) failing to apply a mitigating role adjustment under U.S.S.G. § 3B1.2. We assume the parties' familiarity with the facts and record of

2

the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part, and remand for further proceedings.

Kupoluyi argues that the District Court erred in applying a two-level enhancement under § 2B1.1(b)(11). On this record, however, it is unclear on which subsection of that guideline the District Court relied. The District Court did not refer to any particular subsection, or explain why it applied the enhancement, other than to adopt the calculation in the Presentence Report ("PSR"). But that reference is ambiguous. The original PSR relied on § 2B1.1(b)(l l)(B)(i) (production or trafficking in an unauthorized or counterfeit "access device"); the revised PSR withdrew that reliance and specifically stated that the Probation Department agreed that the subsection "does not apply in this respect," and relied instead, in its guideline calculation, on subsection (A)(ii) (possession of an "authentication feature"), which the Government now concedes is inapplicable; and the addendum to the revised PSR also alludes to the applicability of subsection (C)(i) (unauthorized use of a means of identification to obtain another means of identification). In discussing the enhancement at the sentencing hearing, neither the prosecutor, defense counsel, nor the District Judge referenced any subsection by number, but all three refer to an "access device" (the

critical term in subsection (B)(i)), and no one used the terms "authentication feature" or "means of identification [used] to . . . obtain any other means of identification" (the respective critical terms of subsections (A)(ii) and (C)(i)). On appeal, the Government relies primarily on subsection (B)(i), albeit on a different theory than that initially embraced and later rejected by the Probation Department, and alternatively on (C)(i). At oral argument, the Government agreed that it would be appropriate to vacate Kupoluyi's sentence and remand to the District Court to determine whether the enhancement can be applied under § 2B1.1(b)(11)(C)(i), a subsection to which the District Court never specifically referred at sentencing. In light of the confused state of the record, we vacate Kupoluyi's sentence and remand to permit the District Court to reassess the applicability of the § 2B1.1(b)(11) enhancement, and, if it continues to find that enhancement applicable, to state on which subsection(s) it relies. In doing so, we express no position on whether the opening of bank accounts in KY's name was "unauthorized" for purposes of § 2B1.1(b)(11)(C)(i) or on the merits of the Government's argument for the applicability of § 2B1.1(b)(11)(B)(i). We note that Kupoluyi is scheduled to be released from the custody of the Bureau of Prisons on October 19, 2017. Although we leave it to its discretion, the District Court is

4

urged to expedite resentencing on remand, as Kupoluyi may soon complete the term to which he may be resentenced.

We have considered Kupoluyi's arguments relating to the District Court's imposition of a sophisticated means enhancement under § 2B1.1(b)(10)(C) and the denial of a mitigating role adjustment under § 3B1.2 and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the matter is REMANDED for resentencing consistent with this order. In the interest of expedition, this panel will retain jurisdiction over any subsequent appeal, see United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), and should there be such an appeal, the parties should request expedited briefing and argument. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court